**FILED**
July 22, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NIEVES CHANIS MARTINEZ, A# 246 175 248,** <br> **Petitioner,** <br> **v.** <br> **DIRECTOR, Dilley Processing Center, ET AL.,** <br> **Respondents.** | § § § § § § § § § § § | **SA-26-CV-04255-OLG** |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Petitioner Nieves Chanis Martinez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' "Advisory to the Court." (Dkt. Nos. 1, 4). After review, the Court orders Martinez's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (Dkt. No. 1).

**BACKGROUND**

Martinez filed a § 2241 Petition contesting the legality of her continued detention and seeking release. (Dkt. No. 1). Respondents have now filed an Advisory establishing Martinez was removed from the United States on July 10, 2026. (Dkt. No. 4, Ex. A). Respondents contend Martinez's removal renders this matter moot. (Dkt. No. 4).

**ANALYSIS**

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486,

496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

In her Petition, Martinez requests release from detention. (Dkt. No. 1). However, Martinez is no longer detained by immigration authorities and has been removed from the United States. (Dkt. No. 4, Ex. A). Because she is no longer detained, the relief she seeks is no longer available. In other words, the Court can no longer redress Martinez's alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Martinez's claim for relief is moot and her Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

**CONCLUSION**

Martinez has been removed from the United States and is no longer in detention. Thus, the Court can no longer provide the relief sought by Martinez. Accordingly, the Court finds Martinez's § 2241 Petition is subject to dismissal without prejudice as moot.

**IT IS THEREFORE ORDERED** that *pro se* Petitioner Nieves Chanis Martinez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is **SO ORDERED**.

**SIGNED** this 22nd day of July, 2026.

ORLANDO L. GARCIA
United States District Judge